```
              IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
JOHN H. SKILLEN,                )
KELLY JO SKILLEN,               )    Bankruptcy No. 09-00346
                                )
       Debtors.                 )
```

**ORDER RE MOTION TO AVOID LIEN WITH USDA - FSA**

This matter came before the undersigned on November 18, 2009 on Debtors' Motion to Avoid Lien. Debtors John and Kelly Skillen appeared with their attorney, Paul Demro. Attorney Lawrence Kudej appeared on behalf of the United States for the Farm Service Agency. After the presentation of evidence and argument, the matter was taken under advisement. The time for filing briefs has passed, and this matter is now ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Debtors seek to avoid liens on a 1999 Ford pickup truck, a 350 spreader and apron, a John Deere 4430 tractor, a John Deere lawn mower, and a 2004 skid loader. Debtors claim these items are exempt as farming equipment. The United States for the Farm Service Agency ("FSA") objects. It asserts that Debtors are not engaged in farming, rendering them ineligible to avoid liens on farming equipment.

**FINDINGS OF FACT**

Debtors have a history of dairy farming. They own twelve acres of farmland, but the bulk of their farming was done in partnership with Kelly Skillen's father, who owns approximately 400 acres. Prior to filing their bankruptcy petition on February 24, 2009, Debtors sold a number of pieces of farming equipment. The only farming equipment that remains are the five items at issue in this case: the 1999 Ford pickup, the 350 spreader and apron, the John Deere 4430 tractor, the John Deere lawn mower, and the 2004 skid loader.

At the hearing, Mr. Skillen testified that Debtors' dairy operation ceased in October 2008. Currently, Debtors' entire income comes from sources outside the family farm. Mr. Skillen expressed an interest in returning to farming when the economy improves. He was not sure, however, how he might finance this

return to farming.  Exhibits presented at the hearing indicate that Mrs. Skillen has not been actively involved with the farm since 2005.  She has been employed full-time off the farm since at least 2007, and she was not listed as a farm proprietor alongside her husband on 1040 federal tax filings from 2005 forward.  At the hearing, Mrs. Skillen expressed ambivalence about a return to farming and stated she wasn't sure if a return to farming would be conceivable, given the investment required to restart a farm operation.

## CONCLUSIONS OF LAW

A debtor may avoid a lien on an interest in property, to the extent that such lien impairs an exemption to which the debtor would have been entitled, if the lien is a non-possessory, non-purchase money security interest in "implements, professional books, or tools of the trade of the debtor or a dependent of the debtor."  11 U.S.C. § 522(f)(1)(B)(ii).  An Iowa debtor "engaged in farming" may claim exemptions for "implements and equipment reasonably related to a normal farming operation."  Iowa Code § 627.6(11).  Debtors have the burden of proving that they are "engaged in farming."  In re Indvik, 118 B.R. 993, 1007 (Bankr. N.D. Iowa 1990).

If debtors are not farming as of the filing date of their bankruptcy petition, they may still claim an exemption in farming equipment if they have temporarily ceased farming and if they intend to return to farming.  In re Mausser, 225 B.R. 667, 671 (Bankr. N.D. Iowa 1998) (citing cases).  This Court has stated that "when the debtors have ceased farming, their stated intent to resume farming must be bolstered by reasonable prospects that they will re-engage in farming."  Id.  The Court looks for objective facts to support debtors' stated subjective intent to return to farming.  See In re Holthaus, No. 96-61345KW, slip op. at 4 (Bankr. N.D. Iowa Nov. 4, 1996) (holding that debtors who sold their farm and livestock were "engaged in farming" when their stated intent to return to farming was bolstered by fact that they had recently signed a lease for 90 acres of farmland); In re Smith, No. 96-20243KD, slip op. at 3 (Bankr. N.D. Iowa May 7, 1996) (holding that debtors' stated intent to return to farming bolstered by the facts that they had farmed all their lives and they had hired an agent to locate suitable farmland was sufficient to qualify debtors as "engaged in farming," despite the fact that they had sold their farm and secured non-farm jobs).

**ANALYSIS**

The Court concludes that Debtors may not avoid liens under § 522(f)(1)(B) on the five pieces of equipment at issue. There is little indication of the length of time Debtors were engaged in farming prior to filing the Chapter 7 petition. Both Debtors are now employed in non-farm jobs. Debtors have not demonstrated a subjective intent to return to farming together. Debtors have separated and Mrs. Skillen is currently living off the farm. She expressed ambivalence about returning to farming. Mr. Skillen expressed a desire to return to farming, though he presented little framework for how he might finance a farming operation. There is no evidence indicating Debtors have taken affirmative steps to implement Mr. Skillen's wish to return to farming in the future. Based on these facts, the Court must conclude that Debtors have not met their burden to prove that they are "engaged in farming". As such, they are not entitled to avoid the liens under § 522(f)(1)(B).

**WHEREFORE,** for the reasons stated herein, the Motion to Avoid Lien Under § 522(f) is DENIED.

Dated and Entered:

December 14, 2009.

_/s/ Paul J. Kilburg_
Paul J. Kilburg
Bankruptcy Judge